ANTONETTI ET AL. *v.* FOOTE, DISTRICT JUDGE.

APPLICATION for writ of inhibition.

No. 8.—Decided June 20, 1910.

EXPROPRIATION—JURISDICTION OF DISTRICT COURTS—SITUATION OF PROPERTY AND RESIDENCE OF DEFENDANTS IN A DIFFERENT DISTRICT FROM THAT IN WHICH ACTION IS BROUGHT.—District courts as courts of general jurisdiction are competent to . take cognizance of expropriation proceedings, even where the property which it is sought to expropriate is situated in a different district from the one in which the proceedings are brought, and even where the defendants reside in another district.

ID.—VOLUNTARY APPEARANCE OF DEFENDANTS.—The mere voluntary appearance of defendants in a district court of a different district from the one in which they reside, without seeking the transfer of the suit, constitutes a submission to the jurisdiction of· such court, and they cannot successfully demur to the jurisdiction thereof.

WRIT OF INHIBITION—ORDER REVIEWABLE ON APPEAL.—In accordance with section 3 of the Act of· March 10, 1904, relating to writs of inhibition, the writ will not issue against an inferior court the decision of which is reviewable on appeal from a final judgment, even where the order itself is not appealable.

The facts are stated in the opinion.

*Messrs. Coll Cuchi Hermanos* for petitioner.

*Mr. José Tous Soto* for defendant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 15 last, Vicente Antonetti and others filed a sworn petition in this court seeking to secure the issuance of a writ of inhibition to the Judge of the District Court of Ponce, Charles E. Foote, and Attorney José Tous Soto, the attorney for the Ponce and Guayama Railroad Co., ordering them to discontinue all proceedings in the action for condemnation which the said company had instituted in said court against the petitioners, the latter alleging as the basis for their application that the court was without jurisdiction in the matter, because the defendants do not reside in the district in which it is situated, nor is the tract of land, the condemnation of which is sought, situated therein, as they had

alleged in said court by way of a demurrer which was over-ruled by order of the 12th of the said month of April, the defendants being allowed five days in which to answer.

On April 20 an order issued to the Ponce judge, Charles E. Foote, and to Attorney José Tous Soto, to discontinue all proceedings in the case in question and to appear at this court at the session of the 28th and show cause why the writ of inhibition applied for should not issue.

On the day set Attorney José Tous Soto appeared and after the petitioners had stated their claims, he opposed the same for the reasons which he had already alleged in his brief which he filed the preceeding day, such reasons being as follows:

1. That the Ponce court had jurisdiction of the subject matter and of the persons of the defendants, because, even though the lands sought to be condemned were situated in the judicial district of Guayama, that fact might be alleged in a motion for a change of venue, but not by way of demurrer to the jurisdiction.

2. That where a person is made a defendant in a district court which is not the proper district, fails to move for the transfer of the case, accompanying an affidavit of merits at the time he demurs or answers (and in this case no such affidavit has been presented), the case may be tried in the court in which it was instituted.

3. That the petitioner in this case has an ordinary remedy which is that of appeal.

Attorney José Tous Soto also alleged in his written answer that the petition for the writ of inhibition is not sworn to, but orally withdrew this allegation as the petitioner had complied with this requisite.

The last reason alleged is conclusive and it alone is sufficient to deny the writ of inhibition, because section 3 of the Act of March 10, 1904, authorizing writs of inhibition, provides in its last paragraph that a writ of inhibition cannot be issued to restrain the action of inferior courts properly

reviewable by appeal. The District Court of Ponce, by order of April 12 last, overruled the demurrer to the jurisdiction, and at the same time ordered that answer should be made to the complaint within five days; and although no appeal lies from that order, as it is not included among the decisions enumerated in section 295 of the Code of Civil Procedure, it must be considered to be excepted to by operation of law, according to section 213 of the Code of Civil Procedure, and may be reviewed on appeal when an appeal is taken from the final judgment rendered in the action.

We have so held in the cases of *Francisco Escalone* v. *Gavino Alvaro Dordal et al.* (10 P. R. Rep., 163), and of *Eduardo Barreras* v. *Pedro de Aldrey, District Judge of Arecibo* (10 P. R. Rep., 181), decided on February 12 and 17, 1906, respectively.

But entering upon a discussion of the merits of the question at issue, we are of opinion that the District Court of Ponce has jurisdiction of the subject matter and of the defendants in the condemnation proceedings instituted by the Ponce and Guayama Railroad Co. It has jurisdiction of the subject matter because condemnation proceedings are made cognizable under the law by the district courts, which are courts of general jurisdiction; and it has jurisdiction of the defendants, because the latter having voluntarily appeared in the Ponce court, such appearance is equivalent to the personal service of summons and delivery of a copy of the complaint, the court having therefore acquired jurisdiction over them. Furthermore, according to section 77 of the Code of Civil Procedure, the plaintiff submitted to the jurisdiction of the Ponce court by the mere act of applying to the court and filing the complaint, and the defendants by not having moved for the transfer to the proper court. (*Ahumada* v. *del Toro, District Judge,* decided November 18, 1908 [14 P. R. Rep., 739].)

Section 82 of said Code provides that, if the district in which the action is commenced is not the proper district for

the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper district.

The defendants in this case have not demanded the transfer of the case in the manner prescribed by the law, and, therefore, it must be continued in the district of Ponce, notwithstanding the fact that the property which it is sought to condemn is situated in the district of Guayama, and notwithstanding the fact that the defendants are not residents of the said district.

For the reasons stated, we are of the opinion that the writ of inhibition applied for should not issue, and the jurisdiction of the District Court of Ponce should be sustained in order that it may continue the proceedings instituted by the Ponce and Guayama Railroad Co., against the petitioners, in accordance with the law.

*Application denied.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.